IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL STEVEN GORBEY,

      **Plaintiff,**

      v.

JOHN OR JANE DOE, REGIONAL
DIRECTOR, ET AL.,

      **Defendants**

Case No. 22-3175-JWL-JPO

### MEMORANDUM AND ORDER

This matter is a civil rights action filed by a prisoner in federal custody at USP-Thomson, Thomson, Illinois. On August 24, 2022, the court denied leave to proceed in forma pauperis and granted plaintiff to and including September 23, 2022, to submit the full filing fee. Plaintiff's interlocutory appeal from that order is proceeding, but this matter has not been stayed.

Plaintiff has filed amotion for administrative order (Doc. 3) and a motion to appoint co-counsel (Doc. 5).

Plaintiff's motion for administrative order seeks an order directing staff at USP-Thomson to comply with the requirements of the Prison Litigation Reform Act, specifically, by completing the forms for records from his trust fund account. However, because staff members at that facility are not located in the District of Kansas, plaintiff instead must relief in the district where he is incarcerated after seeking resolution through the administrative remedy procedure.

Next, there is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the

appointment of counsel has the burden to convince the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). The Court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979.

At this point, plaintiff has not submitted the filing fee and has not presented a complaint that suggests that his claims against the unnamed defendants employed by the Bureau of Prisons Regional Office are clearly meritorious or unusually complex. The court therefore declines to appoint counsel in this matter.

THE COURT THEREFORE ORDERS that plaintiff's motion for administrative order (Doc. 3) is denied.

THE COURT FURTHER ORDERS that plaintiff's motion to appoint co-counsel (Doc. 5) is denied.

IT IS SO ORDERED.

Dated: September 8, 2022            /s/  James P. O'Hara
                                    JAMES P. O'HARA
                                    UNITED STATES MAGISTRATE JUDGE

2