IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL STEVEN GORBEY,

    **Plaintiff,**

    v.

JOHN OR JANE DOE, REGIONAL
DIRECTOR, ET AL.,

    **Defendants**

Case No. 22-3175-JWL-JPO

## MEMORANDUM AND ORDER

This matter is a civil rights action filed by a prisoner in federal custody. By its order of August 24, 2022, the court denied leave to proceed in forma pauperis and granted plaintiff to and including September 23, 2022, to submit the filing fee. An interlocutory appeal is pending.

Plaintiff has filed a motion for the recusal of the undersigned and of United States Magistrate Judge James P. O'Hara (Doc. 13) and an objection to the order entered by Magistrate Judge O'Hara on September 8, 2022, denying earlier motions (Doc. 14).

Plaintiff's motion for recusal broadly alleges that the rulings in this matter have been issued with the intent to deny him access to the court, are based on "retaliation and/or discrimination", are motivated by racial or ethnic bias or other improper motive, and reflect "animosities and favoritism".

Two statutes govern judicial recusal, 28 U.S.C. §§ 144 and 455. *Burleson v. Spring PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005). For recusal under § 144, the moving party must submit an affidavit showing bias and prejudice. *Id.* (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)). The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasions, and circumstances." *Id.* at 960 (quoting *Hinman v. Rogers*,

831 F.2d 937, 939 (10th Cir. 1987)). These facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions. *Id.* Without an affidavit showing bias or prejudice and proper identification of events indicating a personal and extrajudicial bias, plaintiff has not supported a request for recusal under 28 U.S.C. § 144.

Under 28 U.S.C. § 455(a) and (b)(1), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) and (b)(1). Section (b)(1) is subjective and contains the "extrajudicial source" limitation. *See Liteky v. United States*, 510 U.S. 540 (1994). Recusal may be appropriate "when a judge's decisions, opinions, or remarks stem from an extrajudicial source—a source outside the judicial proceedings." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky*, 510 U.S. at 554–55). Recusal is also necessary when a judge's actions or comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* (quoting *Liteky*, 510 U.S. at 555).

Section 455(a) has a broader reach than subsection (b) and the standard is objective, not subjective. *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988) and *Liteky*, 510 U.S. at 548). The factual allegations need not be taken as true, and the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id.* at 350–51 (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)); *Burleson*, 123 F. App'x at 960. A judge has a "'continuing duty to ask himself what a reasonable person, knowing all of the relevant facts, would think about his impartiality.'" *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994) (quoting *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982)). "The goal of section 455(a) is to avoid even the appearance of partiality." *Liljeberg*, 486 U.S. at 860.

The initial inquiry—whether a reasonable factual basis exists for questioning the judge's impartiality—is limited to outward manifestations and the reasonable inferences to be drawn from them. *Nichols*, 71 F.3d at 351 (citing *Cooley*, 1 F.3d at 993). "[T]he judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue." *Id.* (quoting *Cooley*, 1 F.3d at 993). "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citing *Nichols*, 71 F.3d at 350).

However, the Tenth Circuit has cautioned that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Cooley*, 1 F.3d at 993 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986)). A judge has "as much obligation ... not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) (quotation omitted); *Greenspan*, 26 F.3d at 1005 (citation omitted). Judges have a duty to sit when there is no legitimate reason to recuse. *Bryce*, 289 F.3d at 659; *Nichols*, 71 F.3d at 351. Courts must exercise caution in considering motions for recusal in order to discourage their use for judge shopping or delay. *Nichols*, 71 F.3d at 351 (noting that § 455(a) is not "intended to bestow veto power over judges or to be used as a judge shopping device"); *Cooley*, 1 F.3d at 993 (noting that Congress was concerned that § 455(a) might be abused as a judge-shopping device).

The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. When no extrajudicial source is relied upon as a ground for recusal, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings,

3

do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

The court finds that plaintiff's bare claims of animosity, bias, favoritism and ill-will are insufficient to support recusal. None of the previous rulings in this action suggest any extra-judicial influence, nor do they implicate the level of "deep-seated favoritism or antagonism" that would make recusal proper. Based upon the record, no reasonable person would conclude that there is any appearance of bias. Because the undersigned has a duty to sit and hear this case where there is no legitimate reason for recusal, plaintiff's motion will be denied.

Plaintiff's objection to the rulings of Magistrate Judge O'Hara challenges a recent order in which he denied plaintiff's request for an order directing prison staff to complete forms and his motion for "co-counsel". Magistrate Judge O'Hara denied plaintiff's request for a court order directing prison staff to complete forms for him because plaintiff is incarcerated in a federal correctional facility in Illinois, an area outside the jurisdiction of this court. The order also denied plaintiff's motion for the appointment of "co-counsel" in this action. The court finds that both rulings are reasonable and supported by the authority cited. While plaintiff protests that he did not consent to the participation of a magistrate judge in this action, such consent is not required. Under 28 U.S.C. § 636(b), a federal judge may designate a magistrate judge to determine certain pretrial matters. *See also* D. Kan. R. 72.1.1(c) (allowing a magistrate judge to determine any procedural or discovery motion or other pretrial matter not excepted by subsection (d)). The motions decided by Magistrate Judge O'Hara were properly referred to him, and his decisions of the motions addressed in the order of September 8, 2022, were entirely reasonable.

THE COURT THEREFORE ORDERS that plaintiff's motion for recusal and for hearing (Doc. 13) is denied.

THE COURT FURTHER ORDERS that plaintiff's objection to the order entered by Magistrate Judge O'Hara (Doc. 14) is overruled.

THE COURT FURTHER ORDERS that the filing fee of $402.00 remains due on September 23, 2022, and that if plaintiff fails to submit the fee, this matter is subject to dismissal without additional notice.

IT IS SO ORDERED.

Dated: September 20, 2022                    /s/  John W. Lungstrum
                                                                  JOHN W. LUNGSTRUM
                                                                  UNITED STATES DISTRICT JUDGE